[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal, taken pursuant to § 2-38 of the Practice Book, of the decision of the Statewide Grievance Committee, which on January 25, 2002, affirmed the decision of the reviewing committee assigned to this matter. The reviewing committee had conducted a hearing and issued a decision on November 16, 2001. The decision reprimanded the appellant.
My scope of review on appeal is limited. Section 2-38 (f) of the Practice Book provides that:
Upon appeal, the court shall not substitute its judgment for that of the statewide grievance committee or reviewing committee as to the weight of the evidence on questions of fact. The court shall affirm the decision of the committee unless the court finds that substantial rights of the respondent have been prejudiced because the committee's findings, inferences, conclusions, or decisions are: (1) In violation of constitutional, rules of practice or statutory provisions; (2) in excess of the authority of the committee; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
See also Weiss v. Statewide Grievance Committee, 227 Conn. 802, 812
(1993); Somers v. Statewide Grievance Committee, 245 Conn. 277, 290
(1998).
I have studied the record thoroughly, and I conclude that the Statewide Grievance Committee's decision affirming the decision of the reviewing committee was not erroneous and that the decision of the reviewing committee, which stated its findings in terms of clear and convincing evidence, was supported by substantial evidence. The committee could reasonably find, in the circumstances presented, that the appellant did not "take steps to the extent reasonably practicable to protect [the] CT Page 2578-dh client's interests," as required by Rule 1.16(d) of the Rules of Professional Conduct. It is true that § 3-10 of the Practice Book is not specifically incorporated into Rule 1.16, but neither is the concept of fairness expressed therein entirely inapropos when an attorney-client relation is terminated and there is litigation pending. The reviewing committee, as upheld by the Statewide Grievance Committee, did not hold that the provisions of § 3-10 necessarily be strictly followed in any event, but only that in this instance there was no effective communication regarding possible consequences of inaction. There was evidence supporting the conclusion in this instance that such communication was reasonably practicable to protect the client's interest on the facts of this case.
I should note that the appellant's arguments to the effect that a court would predictably and necessarily grant a continuance on the day the motion to dismiss appeared on the calendar in order to accommodate the positions of counsel and client and that the motion to dismiss would as a matter of course be denied if, on the spot, counsel withdrew several counts of the complaint, are not necessarily well taken. In addition, the appellant appears to agree at one point in the transcript that after the relationship was terminated,[1] unequivocally and apparently irrevocably, he had no authority to act on behalf of the client in any event. (E.g., R. 77-78.)
The appeal is dismissed and the decision of the Statewide Grievance Committee is affirmed.
Beach, J.